ACCEPTED
12-14-00230
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/13/2015 5:02:21 PM
CATHY LUSK
CLERK

NUMBER 12-14-00230-CV

IN THE COURT OF APPEALS FOR THE
12ᵀᴴ COURT OF APPEALS OF TEXAS
AT TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

2/13/2015 5:02:21 PM

CATHY S. LUSK
Clerk

*HAROLD AND DELORES PATTON,*
*APPELLANT*
*(Defendant Below)*

*V.*

*LOANCARE, LLC*
*APPELLEE*
*(Plaintiff Below)*

**APPENDIX OF APPELLEE**

THE LAW OFFICE OF CORNELIA A. HARTMAN
CORNELIA A. HARTMAN, TBN 09159850
123 SAN AUGUSTINE STREET
CENTER, TEXAS 75935
T: 936-598-3999 / F: 936-598-3031
corneliahartman@sbcglobal.net
*Local Counsel/Trial Attorney*

KLATT, ODEKIRK, AUGUSTINE, SAYER
TREINEN & RASTEDE, P.C.
925 E. 4th Street
Waterloo, Iowa 50703
T: (319) 234-2530 / F: (319) 232-6341

Attorneys for LoanCare - Appellee

COPY
Date filed _____
Copies NOT compared
ALLISON HARBISON
County Clerk

NO. 2014-4404CV

| | | |
|---|---|---|
| LoanCare, LLC FKA LoanCare, a Division of FNF Servicing, Inc., Plaintiff, | § § § § | IN THE COUNTY COURT |
| V. | § § § | OF |
| Delores Patton, Harold Patton, and all occupants of 6166 FM 2026, Tenaha, TX 75974 Defendant. | § § § § § | SHELBY COUNTY, TEXAS |

## JUDGEMENT

On June 11, 2014, the court heard the above numbered and styled case. The court, after considering the *Motion to Abate/Continue or, Consolidate* file marked June 9, 2014, and after hearing all of the evidence, listening to all of the witness testimony, reviewing the exhibits admitted as evidence in this case, the case law and statute(s) presented to the Court, makes the following Findings of Fact and Conclusions of Law and Ruling:

Regarding the *Motion to Abate/Continue or, Consolidate* file marked June 9, 2014, the court overruled the *Motion* in open court. The court was presented with the case entitled *Henning v. Federal National Mortgage Association*, Westlaw 1702144, which is similar to the present case. The court in that case held that the only issue in a forcible entry and detainer (eviction) proceeding is the right to actual possession; and the merits of the title shall not be adjudicated.

Regarding the eviction, the court makes the following findings:

1. This is an eviction case. Trial was to the Court.

Page 1

2. LoanCare seeks to evict the Harold and Earlene Patton [hereafter Pattons] from their residence located at 6166 FM 2026, Tenaha, Shelby County, Texas. The original eviction proceeding was filed in the Justice of the Peace court and notice to vacate was served by LoanCare to the Pattons after a nonjudicial foreclosure and subsequent sale.

3. The court finds that the Pattons paid their mortgage payments from December 2009 until February 2012 or March of 2012.

4. The court finds that some time after February or March of 2012, the Pattons stopped making payments to LoanCare on the real property located at 6166 FM 2026, Tenaha, Shelby County, Texas.

5. The court finds that notice of the default on the loan and notice to accelerate the loan was given by lawn care by letter sent certified mail on May 4, 2012.

6. The court finds that the Pattons; Harold and Delores, did, in fact, received the notice of default and intent to accelerate the loan on May 15, 2012.

7. The court finds that the Notice of Foreclosure Sale was mailed to the Pattons at their correct residence address on September 10, 1013 by certified mail return receipt requested.

8. The court finds that Harold and Delores Patton and their attorney Lynda K. Russell all received the notice of foreclosure on September 13, 2013.

9. The court finds that, as a matter of law, the Notice of Foreclosure was given 21 days before the nonjudicial foreclosure sale in accordance with Texas Property Code Section 51.002.

10. The court finds that on October 10, the trustee or his designee held a foreclosure sale at the courthouse located at 200 San Augustine St., Center, Shelby County, Texas in accordance with the Texas Property Code Section 51.002.

11. The court finds that after reviewing the Foreclosure Sale Transcript, all aspects of the Foreclosure Sale were in accordance with Texas Property Code Section 51.002 .

12. The court finds that LoanCare was the sole and successful bidder on the property and that LoanCare purchased the property at the foreclosure sale in the amount of $152,905.77.

13. The court finds that LoanCare served the Pattons and their attorney with a Notice to Vacate on December 5, 2013, via certified mail return receipt requested which was delivered to and received by the Pattons and their attorney Keith Stanley on December 11, 2013.

14. The court finds that the Pattons failed to vacate the premises located at 6166 FM 2026, Tenaha, Shelby County, Texas after receipt of the Notice to Vacate.

15. The court finds that subsequent to the Notice to Vacate an eviction trial was held in the Justice of the Peace Court, Precinct One, Shelby County Texas.

16. The court finds that the Justice of the Peace ruled in favor of the Pattons and LoanCare filed its timely appeal and a new trial was held in the County Court of Shelby County Texas on Wednesday, June 11, 2014, beginning at 10:00 a.m.

17. The court finds that the notice of default and intent to accelerate, the notice of eviction, the notice of the foreclosure sale, and subsequent request for possession of the property from the Pattons by LoanCare were all done in accordance with the laws of the state of Texas.

It is therefore the ORDER OF THIS COURT and this COURT ORDERS and DECREES that judgment is granted in favor of LoanCare.

IT IS ORDERED and DECREED that the Pattons are hereby ORDERED evicted from the premises located at 6166 FM 2026, Tenaha, Shelby County, Texas. Pursuant to the order of this court the Pattons must vacate the residence and property located at 6166 FM 2026, Tenaha, Shelby County, Texas on or before the 45th day after this order is signed.

_6/27/14_
DATE

_Rick Campbell_
THE HONORABLE RICK CAMPBELL
JUDGE, SHELBY COUNTY COURT

## Texas Rules and Statutes

**Texas. R. Civ. P. 510.3 (e)** *Only Issue.* The court must adjudicate the right to actual possession and not title. Counterclaims and the joinder of suits against third parties are not permitted in eviction cases. A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction.

**Tex. R. Civ. P. 510.10(c)** *Trial De Novo.* The case must be trial de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial. The trial. as well as any hearings and motions, is entitled to precedence in the county court.

**Tex. Civ. Prac. & Rem Code Sec. 16.021.** DEFINITIONS. In this subchapter:

(1) "Adverse possession" means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person.

(2) "Color of title" means a consecutive chain of transfers to the person in possession that:

(A) is not regular because of a muniment that is not properly recorded or is only in writing or because of a similar defect that does not want of intrinsic fairness or honesty; or

(B) is based on a certificate of headright, land warrant, or land scrip.

(3) "Peaceable possession" means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property.

(4) "Title" means a regular chain of transfers of real property from or under the sovereignty of the soil.

**Tex. Prop. Code § 24.002.** FORCIBLE DETAINER. (a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: (1) is a tenant or a subtenant wilfully and without force holding over after

the termination of the tenant's right of possession; (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or (3) is a tenant of a person who acquired possession by forcible entry. (b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005. Acts 1983, 68th Leg., p. 3514, ch. 576, § 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 200, § 1, eff. Aug. 26, 1985; Acts 1989, 71st Leg., ch. 688, § 2, eff. Sept. 1, 1989.

## Tex. R. App. P. 34.1. Contents

The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Even if more than one notice of appeal is filed, there should be only one appellate record in a case.

61 S.W.3d 555
**(Cite as: 61 S.W.3d 555)**

Court of Appeals of Texas,
San Antonio.
Alicia DORMADY and/or All Occupants
of P.O. Box 838, 235 Naegelin Road,
Lytle, Texas 78052, Appellant,
v.
DINERO LAND & CATTLE CO., L.C.,
Appellee.

No. 04–00–00392–CV.
Aug. 8, 2001.

Purchaser of property at foreclosure sale brought forcible detainer against prior owner for possession. The County Court, Atascosa County, Juan Gallardo, J., affirmed the decision of the justice court granting possession to purchaser. Owner appealed. On rehearing, the Court of Appeals, Stone, J., held that owner's allegations that foreclosure and sale of property to purchaser was not properly exercised did not so intertwine issues of right to possession and right to title of the property as to relieve the justice and county courts of jurisdiction in forcible detainer action.

Affirmed.

West Headnotes

**[1] Forcible Entry and Detainer 179 ⬅⮞ 6(2)**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k6 Nature and Form of Remedy
            179k6(2) k. Trial of Title and
Right of Possession. Most Cited Cases

A forcible detainer action is a procedure to determine the right to immediate possession of real property; it is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title.

**[2] Forcible Entry and Detainer 179 ⬅⮞ 6(2)**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k6 Nature and Form of Remedy
            179k6(2) k. Trial of Title and
Right of Possession. Most Cited Cases

The only issue in a forcible detainer action is which party has the right to immediate possession of the property.

**[3] Forcible Entry and Detainer 179 ⬅⮞ 6(2)**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k6 Nature and Form of Remedy
            179k6(2) k. Trial of Title and
Right of Possession. Most Cited Cases

**Forcible Entry and Detainer 179 ⬅⮞8**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k8 k. Title to Support Action.
Most Cited Cases

To prevail in a forcible detainer action, the plaintiff need not prove title, rather, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession; however, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title.

**[4] Forcible Entry and Detainer 179 ⬅⮞ 16(.5)**

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

61 S.W.3d 555
(Cite as: 61 S.W.3d 555)

Court of Appeals of Texas,
San Antonio.
Alicia DORMADY and/or All Occupants
of P.O. Box 838, 235 Naegelin Road,
Lytle, Texas 78052, Appellant,
v.
DINERO LAND & CATTLE CO., L.C.,
Appellee.

No. 04–00–00392–CV.
Aug. 8, 2001.

Purchaser of property at foreclosure sale brought forcible detainer against prior owner for possession. The County Court, Atascosa County, Juan Gallardo, J., affirmed the decision of the justice court granting possession to purchaser. Owner appealed. On rehearing, the Court of Appeals, Stone, J., held that owner's allegations that foreclosure and sale of property to purchaser was not properly exercised did not so intertwine issues of right to possession and right to title of the property as to relieve the justice and county courts of jurisdiction in forcible detainer action.

Affirmed.

West Headnotes

**[1] Forcible Entry and Detainer 179 ☞ 6(2)**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k6 Nature and Form of Remedy
            179k6(2) k. Trial of Title and
Right of Possession. Most Cited Cases

A forcible detainer action is a procedure to determine the right to immediate possession of real property; it is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title.

**[2] Forcible Entry and Detainer 179 ☞ 6(2)**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k6 Nature and Form of Remedy
            179k6(2) k. Trial of Title and
Right of Possession. Most Cited Cases

The only issue in a forcible detainer action is which party has the right to immediate possession of the property.

**[3] Forcible Entry and Detainer 179 ☞ 6(2)**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k6 Nature and Form of Remedy
            179k6(2) k. Trial of Title and
Right of Possession. Most Cited Cases

**Forcible Entry and Detainer 179 ☞8**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k8 k. Title to Support Action.
Most Cited Cases

To prevail in a forcible detainer action, the plaintiff need not prove title, rather, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession; however, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title.

**[4] Forcible Entry and Detainer 179 ☞ 16(.5)**

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

61 S.W.3d 555
(Cite as: 61 S.W.3d 555)

179 Forcible Entry and Detainer
   179I Civil Liability
      179k16 Jurisdiction
         179k16(.5) k. In General. Most Cited Cases

**Forcible Entry and Detainer 179 🗝 16(3)**

179 Forcible Entry and Detainer
   179I Civil Liability
      179k16 Jurisdiction
         179k16(3) k. Justices of the Peace. Most Cited Cases

In a forcible detainer case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction. Vernon's Ann.Texas Rules Civ.Proc., Rule 746.

**[5] Action 13 🗝 38(1)**

13 Action
   13III Joinder, Splitting, Consolidation, and Severance
      13k38 Single and Entire Cause of Action in General
         13k38(1) k. In General. Most Cited Cases

**Forcible Entry and Detainer 179 🗝 16(1)**

179 Forcible Entry and Detainer
   179I Civil Liability
      179k16 Jurisdiction
         179k16(1) k. District Courts. Most Cited Cases

**Forcible Entry and Detainer 179 🗝 16(3)**

179 Forcible Entry and Detainer
   179I Civil Liability
      179k16 Jurisdiction
         179k16(3) k. Justices of the

Peace. Most Cited Cases

A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court; accordingly, forcible detainer actions in justice court may be prosecuted concurrently with title disputes in district court.

**[6] Forcible Entry and Detainer 179 🗝 16(.5)**

179 Forcible Entry and Detainer
   179I Civil Liability
      179k16 Jurisdiction
         179k16(.5) k. In General. Most Cited Cases

**Forcible Entry and Detainer 179 🗝 16(3)**

179 Forcible Entry and Detainer
   179I Civil Liability
      179k16 Jurisdiction
         179k16(3) k. Justices of the Peace. Most Cited Cases

Owner's allegations that foreclosure and sale of property to purchaser was not properly exercised did not so intertwine issues of right to possession and right to title of the property as to relieve the justice and county courts of jurisdiction in purchaser's forcible detainer action, where owner's allegations should be brought in district court to contest title, owner became tenant at sufferance at time of sale and landlord-tenant relationship did not involve issues of title, and purchaser established superior right to immediate possession of the property. V.T.C.A., Property Code § 24.004; Vernon's Ann.Texas Rules Civ.Proc., Rule 746.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

61 S.W.3d 555
(Cite as: 61 S.W.3d 555)

**[7] Forcible Entry and Detainer 179 ⟷ 6(2)**

179 Forcible Entry and Detainer
    179I Civil Liability
        179k6 Nature and Form of Remedy
            179k6(2) k. Trial of Title and
Right of Possession. Most Cited Cases

The Legislature has provided a speedy and inexpensive remedy for determination of who is entitled to immediate possession of property via forcible detainer actions; these actions expressly do not determine the issue of title, but allow a title action to proceed concurrently in district court.

*556 David W. Rogers,Trent C. Rowell, Law Offices of Dave Rogers, Inc., San Antonio, for Appellant.

David W. Ross, Law Offices of Ralph Brown, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF and CATHERINE STONE, Justices.

## OPINION ON MOTION FOR RE-HEARING

Opinion by: CATHERINE STONE, Justice.

This cause is before us on Motion for Rehearing filed by appellee, Dinero Land & Cattle Company. We grant Dinero's motion, withdraw the court's opinion and judgment of April 18, 2001, and substitute the following opinion and judgment.

Alicia Dormady appeals the county court's judgment in a forcible detainer action brought by Dinero. The trial court granted judgment for Dinero, ordering a writ of possession for Dinero. Dormady presents one issue on appeal, asserting the county court lacked subject matter jurisdiction because Dormady's defense to the forcible detainer action necessarily involves a question of title, and because there is a pending district court suit regarding title to the property in question. We disagree with Dormady's contentions and affirm the judgment of the trial court.

**Factual & Procedural Background**

Dormady purchased approximately fifteen acres of land from Dinero Land & Cattle Company in March 1996. The deed of trust executed by Dormady at the time of purchase provided as follows:

If any of the property is sold under this deed of trust, Grantor [Dormady] shall immediately surrender possession to the *557 purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

In November 1999, Dinero foreclosed on the property and was the winning bidder at the foreclosure sale. Thereafter, Dinero filed a forcible detainer action in justice court to obtain possession of the property. The justice court gave possession to Dinero and ordered Dormady to vacate the property. Dormady appealed that decision to county court, arguing that neither the justice court nor the county court had subject matter jurisdiction over the suit. Dormady claimed the title and possession issues were so integrally related that the issue of possession could not be decided without first determining title.

At some point after entry of the justice court judgment before entry of the county court judgment, Dormady filed a suit in district court to quiet title. In that suit, Dormady claimed the substitute trustee's deed was void because the foreclosure was

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

wrongful. She alleged she was given neither proper notice of the foreclosure, nor a proper opportunity to cure any alleged default. Dormady relied on the district court suit to support her argument that the county court had no jurisdiction because the title and possession issues were so interrelated. Dormady filed a motion to dismiss for want of jurisdiction in the county court suit, that was denied. The county court proceeded to trial, and based on the jury's verdict, entered judgment in favor of Dinero, awarding it possession of the property, together with $3,000 in rents and $4,665 in attorney's fees. Dormady now appeals the county court's judgment to this court.

### Jurisdiction Over Forcible Detainer Actions

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. TEX. PROP.CODE ANN. § 24.004 (Vernon 2000); TEX.R. CIV. P. 749. A justice court is without jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (Vernon Supp.2001). Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit. TEX.R. CIV. P. 746; *Mitchell v. Armstrong,* 911 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

### Nature of Forcible Detainer Actions

[1][2] A forcible detainer action is a procedure to determine the right to immediate possession of real property. It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R. CIV. P. 746. Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Cuellar v. Martinez,* 625 S.W.2d 3, 5 (Tex.Civ.App.—San Antonio 1981, no writ).

[3][4] To prevail in a forcible detainer action, the plaintiff need not prove title. Rather, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Goggins v. Leo,* 849 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1993, no writ). However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Falcon v. Ensignia,* 976 S.W.2d 336, 338 (Tex.App. *558 —Corpus Christi 1998, no pet.); *Mitchell,* 911 S.W.2d at 171; *Fandey v. Lee,* 880 S.W.2d 164, 169 (Tex.App.—El Paso 1994, writ denied). In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction. *Mitchell,* 911 S.W.2d at 171; *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

[5] A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court. *Hewitt,* 90 S.W.2d at 818–19. Accordingly, forcible detainer actions in justice court may be prosecuted concurrently with title disputes in district court. *Haith,* 596 S.W.2d at 196.

### Discussion

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Dormady contends both the justice court and county court lacked jurisdiction to decide the forcible detainer suit because the question of title is so interrelated with possession in this case that possession cannot be determined until the issue of title is decided. Dinero responds that title is not at issue because if it were, Dormady would be challenging the very title by which she purchased the property. It contends the essence of Dormady's claim is that the power of sale provision in the deed of trust was not properly exercised and the claim is for damages, not title. Additionally, Dinero insists that there was a landlord-tenant relationship present in this case as a result of the deed of trust provision which makes Dormady a tenant at sufferance subject to a forcible detainer action. We agree with Dinero's contentions.

[6][7] As noted by one court, "not only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such a system." *Rice v. Pinney,* 51 S.W.3d 705, 710 (Tex.App.—Dallas 2001, no pet. h.). The Legislature has provided a speedy and inexpensive remedy for determination of who is entitled to immediate possession of property via forcible detainer actions. These actions expressly do not determine the issue of title, but allow a title action to proceed concurrently in district court. *See Hewitt,* 90 S.W.2d at 818–19. Dormady claims that *Hewitt* is distinguishable because in that case the evidence showed that the trustee sold the property in question "in compliance with the terms embodied in the deed of trust," while in the instant case Dormady claims the trustee did not comply with the terms of the deed of trust when posting the property for foreclosure. This distinction is of no consequence, however.

Although the *Hewitt* court did note there was a showing that the sale was "in compliance" with the deed of trust, it went on to state that if the forcible detainer defendants desired to attack the validity of the sale made under the deed of trust, they could proceed with a suit in the district court. *Id.* That is precisely the situation presented in the instant case. Dormady contends the foreclosure was wrongful, obtained without proper notice or opportunity to cure. Dinero, however, made a showing in the justice and county courts that: (1) it is the owner by virtue of a deed from the substitute trustee following the foreclosure sale; (2) Dormady is a tenant at sufferance; and (3) that Dinero has the superior right to immediate possession. The right to immediate possession is established, and the ultimate question of title can be determined in district court.

Although Dormady claims title and possession are necessarily intertwined, her argument is not supported by the cases. The types of cases which preclude forcible *559 detainer actions in justice court because of interconnected title and possession issues are far different than what is present in this case. *See, e.g., Guyer v. Rose,* 601 S.W.2d 205, 205–06 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) (upholding enjoinder of forcible detainer suit because right to possession depended on compliance with contract for sale); *Gentry v. Marburger,* 596 S.W.2d 201, 203 (Tex.Civ.App.—Houston [1st] Dist.1980, writ ref'd n.r.e.) (holding that title directly involved in possession issue when possession based on assertion of life estate or adverse possession); *Dent v. Pines,* 394 S.W.2d 266, 268–69 (Tex.Civ.App.—Houston [1st Dist.] 1965, no writ) (holding title necessarily involved in possession issue when possession re-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

quired determination of claims under competing wills and intestacy statutes).

Likewise, the main case relied upon by Dormady for support of her claim is distinguishable. In *Mitchell v. Armstrong Capital Corp.*, the homeowner signed a promissory note for home improvements. *Mitchell,* 911 S.W.2d at 170. The note was secured by a builder's and mechanic's lien contract. Upon default there was foreclosure pursuant to the lien contract and a forcible detainer action was filed in justice court. The justice court awarded possession to the note holder and the county court affirmed. The court of appeals reversed, however, holding that the homeowner had raised a title issue which deprived the justice and county courts of jurisdiction. *Id.* The issue of immediate possession depended solely on title to the house under the terms of the contract note. *Id.* That is not the situation in this case where a landlord-tenant relationship is established in the original deed of trust The landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property. In short, Dormady has the right to sue in district court to determine whether the trustee's deed should be cancelled because of foreclosure irregularities, independent of the trial court's determination in the forcible detainer action that Dinero is entitled to immediate possession of the property. *See Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Based on the foregoing, the judgment of the trial court is in all things affirmed.

Tex.App.–San Antonio,2001.
Dormady v. Dinero Land & Cattle Co., L.C.
61 S.W.3d 555

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.